UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THADDEUS TURNER, Independent
Administrator of the Estate of A.T., Deceased and
ROXIE HURT, individually,

    Plaintiffs,

v.      No.

UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT AT LAW

NOW COME the Plaintiffs, Thaddeus Turner, Independent Administrator of the Estate of A.T., Deceased and Roxie Hurt, individually, by and through their attorneys, Cirignani Heller & Harman, LLP, complaining of the Defendant United States of America, stating as follows:

1. This is an action under the Federal Tort Claims Act, 28 USC §§2671, *et. seq.*

2. This Court is vested with jurisdiction pursuant to 28 USC §1346(b).

3. Plaintiffs Thaddeus Turner (hereinafter referred to as "Thaddeus") and Roxie Hurt (hereinafter referred to as "Roxie") reside in Crest Hill, Illinois, the same being within the Northern District of Illinois.

4. The acts and/or omissions complained of herein occurred in the City of Joliet, County of Will and State of Illinois, the same being within the Northern District of Illinois.

5. On September 13, 2014, Roxie and her unborn child, A.T., came under the care of Alfonso Del Granado, M.D. (hereinafter referred to as "Del Granado") at Aunt Martha's West Joliet Community Health Center, 333 N. Madison Street, Suite 150, Joliet, Illinois 60435 (hereinafter referred to as "Aunt Martha's") for prenatal care.

6. From September 13, 2014 through February 28, 2015, Del Granado continued to be Roxie's prenatal care provider at Aunt Martha's.

7. On September 13, 2014, Roxie's blood pressure was 110/70.

8. On January 31, 2015, Roxie presented for her appointment with Del Granado at Aunt Martha's.

9. On January 31, 2015, Del Granado noted that Roxie's blood pressure was 140/86.

10. On February 28, 2015, Roxie presented for her appointment with Del Granado at Aunt Martha's.

11. On February 28, 2015, Del Granado noted that Roxie's blood pressure was 140/110.

12. On March 5, 2015, Roxie was found unconscious at home.

13. On March 5, 2015, paramedics noted that Roxie's blood pressure was 220/142.

14. On March 5, 2015, Roxie was experiencing brain ischemia, acute renal failure and acute pulmonary failure.

15. On March 5, 2015, Roxie was taken by paramedics to Presence Saint Joseph Medical Center in Joliet, Illinois.

16. On March 5, 2015, Roxie underwent an emergency cesarean section.

17. On March 5, 2015, A.T. was born with hypoxic ischemic encephalopathy.

18. On March 5, 2015, A.T. was transferred to Rush University Medical Center in Chicago, Illinois.

19. From March 5, 2015 through March 20, 2015, A.T. was an inpatient at Rush University Medical Center.

20. On March 20, 2015, A.T. died from hypoxic ischemic encephalopathy.

21. A.T. left surviving her: her parents, Thaddeus Turner and Roxie Hurt.

22. The Plaintiff, Thaddeus Turner, has been appointed Independent Administrator of the Estate of A.T., deceased, by the Probate Division of the Circuit Court of Will County.

23. Plaintiffs submitted an SF-95 administrative claim based on the allegations herein in the amount of $30,000,000 to the Department of Health and Human Services ("Department"). The claim was acknowledged as received on November 13, 2015 by the Department.

24. Six months have passed since Plaintiffs submitted their SF-95 administrative claim to the Department, and, to date, the Department has neither denied the claim nor requested additional time to evaluate the claim.

## COUNT I
### (Wrongful Death Action)

25. Plaintiffs adopt and incorporate paragraphs 1 through 24 of this complaint at law as though fully set forth herein.

26. In 2015 and at all times relevant herein, Aunt Martha's was a U.S. Department of Health and Humans Services Health Center.

27. In 2015 and at all times relevant herein, Aunt Martha's was deemed eligible for Federal Tort Claims Act coverage.

28. In 2015 and at all times relevant herein, Del Granado and any other physicians, physician assistants, advanced practice nurses and registered nurses providing care to Roxie and her unborn child at Aunt Martha's were agents and/or employees of Aunt Martha's.

29. In 2015 and at all times relevant herein, as agents and/or employees of Aunt Martha's, Del Granado and any other physicians, physician assistants, advanced practice nurses and registered nurses providing care to Roxie and her unborn child at Aunt Martha's were deemed employees of Defendant USA.

30. In 2015 and at all times relevant herein, while Del Granado and any other physicians, physician assistants, advanced practice nurses and registered nurses were rendering care and treatment to Roxie and her unborn child, they were acting within the scope of their agency or employment with Defendant USA.

31. There was a duty on the part of Defendant USA, by and through its agents and/or employees, Del Granado, physicians, physician assistants, advanced practice nurses and registered nurses, to care for, diagnose and treat Roxie and her unborn child, A.T., in accordance with accepted standards of prevailing prenatal and obstetrical practice and opinion in Will County, Illinois.

32. After assuming the care and treatment of Roxie and her unborn child, Defendant USA, by and through its agents and/or employees, was guilty of one or more of the following wrongful acts and/or omissions in treating Roxie and her unborn child, A.T.:

    a. Del Granado and/or other physician(s), physician assistant(s), advanced practice nurse(s) and registered nurse(s) negligently and carelessly failed to address Roxie's elevated blood pressure on January 31, 2015;

    b. Del Granado and/or other physician(s), physician assistant(s), advanced practice nurse(s) and registered nurse(s) negligently and carelessly failed to keep Roxie at Aunt Martha's on January 31, 2015 for observation and to see if her elevated blood pressure persisted;

    c. Del Granado and/or other physician(s), physician assistant(s), advanced practice nurse(s) and registered nurse(s) negligently and carelessly failed to carefully follow Roxie after the January 31, 2015 visit by arranging for weekly visits;

    d. Del Granado and/or other physician(s), physician assistant(s), advanced practice nurse(s) and registered nurse(s) negligently and carelessly failed to prescribe drug therapy to reduce Roxie's blood pressure;

    e. Del Granado and/or other physician(s), physician assistant(s), advanced practice nurse(s) and registered nurse(s) negligently and carelessly failed to recognize and control Roxie's hypertension;

      f.      Del Granado and/or other physician(s), physician assistant(s), advanced practice nurse(s) and registered nurse(s) negligently and carelessly failed to address Roxie's elevated blood pressure on February 28, 2015;

      g.      Del Granado and/or other physician(s), physician assistant(s), advanced practice nurse(s) and registered nurse(s) negligently and carelessly failed to keep Roxie at Aunt Martha's on February 28, 2015 for observation and to see if her elevated blood pressure persisted;

      h.      Del Granado and/or other physician(s), physician assistant(s), advanced practice nurse(s) and registered nurse(s) negligently and carelessly failed to hospitalize Roxie on February 28, 2015 for intensive treatment to get her blood pressure under control; and

      i.      Del Granado and/or other physician(s), physician assistant(s), advanced practice nurse(s) and registered nurse(s) negligently and carelessly failed to emergently deliver Roxie given her persistent elevated blood pressure.

33. As a direct and proximate result of one or more of the aforementioned acts and/or omissions of Defendant USA, A.T. died.

34. By reason of the death of A.T., Thaddeus Turner and Roxie Hurt have suffered grief and sorrow and have been deprived of her comfort, society, companionship and protection and have sustained pecuniary damages, all to their great loss and damage.

WHEREFORE, Plaintiffs ask for judgment against Defendant USA in an amount up to $15,000,000.00 (for Counts I, II and II).

## COUNT II
(Survival Action)

35. Plaintiffs adopt and incorporate paragraphs 1 through 24 of this complaint at law as though fully set forth herein.

36. Plaintiffs adopt and incorporate paragraphs 26 through 32 of this complaint at law as though fully set forth herein.

37. As a direct and proximate result of one or more of the aforementioned acts and/or omissions of Defendant USA, A.T. suffered hypoxic ischemic encephalopathy, permanent brain

damage, other permanent physical neurological injury, pecuniary loss and prolonged pain and suffering.

WHEREFORE, Plaintiffs ask for judgment against Defendant USA in an amount up to $15,000,000.00 (for Counts I, II and II).

## COUNT III
(Illinois Family Expense Act)

38. Plaintiffs adopt and incorporate paragraphs 1 through 37 of this complaint at law as though fully set forth herein.

39. On and after March 5, 2015, Thaddeus Turner and Roxie Hurt did then and there become obligated for various sums of money for the medical, hospital, and other care and costs of A.T., and remained so obligated until A.T.'s death, pursuant to the Illinois Family Expense Act.

WHEREFORE, Plaintiffs ask for judgment against Defendant USA in an amount up to $15,000,000.00 (for Counts I, II & III).

## COUNT IV
(Personal Injury)

40. Plaintiffs adopt and incorporate paragraphs 1 through 24 of this complaint at law as though fully set forth herein.

41. Plaintiffs adopt and incorporate paragraphs 26 through 32 of this complaint at law as though fully set forth herein.

42. As a direct and proximate result of one or more of the aforementioned acts and/or omissions of Defendant USA, Roxie's elevated blood pressure went untreated and she experienced brain ischemia, acute renal failure, acute pulmonary failure, emergency cesarean section, physical and neurological injury, pain and suffering, and pecuniary loss.

WHEREFORE, Plaintiffs ask for judgment against Defendant USA in an amount up to $15,000,000.00 (for Count IV).

Respectfully submitted,

/s/ William A. Cirignani

William A. Cirignani, Attorney for Plaintiff
CIRIGNANI HELLER & HARMAN, LLP
150 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
312-346-8700
wac1@medsuit.com
I.D.# 6211973